**NORMANDIE METAL FABRICATORS, INC.,** Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent–Appellee.

No. 00–4169.

United States Court of Appeals, Second Circuit.

May 30, 2001.

Louis F. Brush, Law Office of Louis F. Brush & Associates, Mineola, NY, for appellant.

Tamara W. Ashford, United States Department of Justice, Washington, DC; Claire Fallon, Acting Assistant Attorney General and David English Carmack, on the brief, for appellee.

Present JACOBS, LEVAL, Circuit

Judges, and MURTHA, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Tax Court be, and it hereby is, AFFIRMED.

This case involves a dispute over whether Normandie Metal Fabricators, Inc. ("Normandie"), a closely held corporation, was entitled to the full amount of officers' compensation deducted on its corporate tax return for tax years 1993, 1994 and 1995. Normandie appeals a decision of the United States Tax Court (Colvin, J.), finding deficiencies in the Normandie's federal tax payments for three years and imposing accuracy-related penalties for two of those years.

### I.

We assume familiarity with the facts of this case as set forth in the Tax Court's Memorandum Findings of Fact and Opinion. [A 25–64] The Commissioner of Internal Revenue ("Commissioner") challenged the compensation paid to (i) Isidore Klein, Normandie's majority shareholder, president, chief executive officer and chairman of its board of directors (until January 30, 1995), and (ii) to Isidore's son, Steven Klein, Normandie's vice-president and chief operating officer and, after January 30, 1995, Normandie's sole shareholder, president and chief executive officer. The Commissioner also determined that, for 1993, 1994 and 1995, Normandie was liable for an accuracy-related penalty, pursuant to I.R.C. § 6662(a), for substantial understatement of income tax.

Normandie timely petitioned the Tax Court for redetermination of the asserted deficiencies and penalties. Following a trial, the Tax Court issued a memorandum opinion that found deficiencies in federal income tax payments (albeit in slightly smaller amounts than did the Commissioner), and affirmed the accuracy-related penalties for 1993 and 1994, but not for 1995. On appeal, Normandie challenges the Tax Court's findings that Normandie paid unreasonably high compensation to Isidore in 1993 and 1994, and to Steven in 1993, 1994 and 1995, as well as the penalties assessed for substantial understatement of income tax in 1993 and 1994.

### II.

Whether the Tax Court identified and considered the appropriate factors in making its determination of reasonable compensation is a question of law reviewable *de novo*. *See Dexsil Corp. v. Commissioner*, 147 F.3d 96, 100 (2d Cir.1998) (EVG, JMW, PNL). However, the Tax Court's factual findings derived from an application of the appropriate factors may be disturbed by this Court only if clearly erroneous. *Rapco, Inc. v. Commissioner*, 85 F.3d 950, 954 (2d Cir.1996) (*JMcL*, JAC, JWeinstein). This Court reviews the Tax Court's factual finding that Normandie was liable for the § 6662(a) accuracy-related penalty for substantial understatement of tax for clear error. *See Chimblo v. Commissioner*, 177 F.3d 119, 126 (2d Cir.1999) (*JMW*, JAC, JTsoucalas).

■ In determining the reasonableness of compensation in this case, the Tax Court scrupulously applied the five-factor

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

test set forth by this Circuit in *Rapco*, examining each factor from the perspective of an independent investor. The Tax Court considered dozens of exhibits from both parties, weighed opposing expert reports and testimony, made specific credibility findings and documented its findings of fact and conclusions of law in a lengthy decision. We have reviewed the Tax Court's findings with respect to each of the *Rapco* factors, and we find no clear error in its determination that each of these factors weighs in favor of the Commissioner.

■ Nor do we find clear error in the Tax Court's determination that Normandie was liable for the penalty imposed under § 6662(a) for 1993 and 1994. The record amply supports the Tax Court's determination that there was no reasonable cause for the underpayment and that Normandie did not adequately disclose the relevant facts affecting deductibility of compensation. In particular, Normandie did not adequately disclose facts relating to Isidore's and Steven's compensation on its 1993 or 1994 returns, leaving blank the "percent of time devoted to business" sections of its 1993 and 1994 Schedules E.